UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Dayton Building & Construction Trades Council, et al.,**

    *Plaintiffs,*

v.

**Board of Education of the School District of the City of Dayton, Ohio,**

    *Defendant.*

Case No. 3:15-cv-437
Judge Thomas M. Rose

---

**DECISION AND ENTRY GRANTING IN PART MOTION FOR SUMMARY JUDGMENT,** (DOC. 4).  **THE ARBITRATION AWARD IS CONFIRMED IN ITS ENTIRETY AND IS ENFORCEABLE.**

---

Pending before the Court is Plaintiffs' Motion for Summary Judgment. (Doc. 4.) Plaintiffs move for summary judgment on the first two claims of the four in their complaint. Previously, a dispute between the parties was resolved by arbitration.  The arbitration award at issue states in its entirety:

> The grievance is sustained. The Employer is to immediately restore the status quo ante with respect to payment for calamity days as set forth in Section 8.06. Pay for calamity days is to be made at the rate of up to five (5) days off per school year and in the event of emergency eight (8) hours pay plus pay at the regular rate for all hours worked.  Back pay in the amount of $34,486.40 is to be promptly made to bargaining unit members.   Jurisdiction is retained to resolve any disputes concerning reme[]dy.

Doc. 4-4, PageID# 121.   The footnote to the award states: "The Union calculated this figure to

account for a retroactive pay increase taking effect on January 1, 2015. This increase encompasses the first five calamity days of the 2014-2015 school year. The Employer did not dispute the accuracy of the figure."

Defendant has only paid $24,945.92, asserting that this is the correct result reached when applying the third sentence of the award. As of the date of the filing of the instant complaint, Defendant was time-barred from contesting the Arbitrator's calculation:

> Courts have generally held that because Congress provided no statute of limitations for suits under § 301, the timeliness of a § 301 suit is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05 (1966); See also *International Brotherhood of Electrical Workers, Local 969 v. Babcock & Wilcox*, 826 F.2d 962, 964 (10th Cir. 1987). In Ohio, the appropriate state statute provides that motions to vacate an arbitration award must be served within three months after the award is delivered to the parties in interest. Ohio Rev. Code § 2711.13

*United Steelworkers of Am. v. Roemer Indus.*, 68 F. Supp. 2d 843, 846 (N.D. Ohio 1999). It is a "settled rule that objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired." *Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1317 (6th Cir. 1988) (citing *Professional Administrators, Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639 (6th Cir.1987)). Thus, Defendant's motion will be denied both because it is time-barred and because there is no ambiguity on the face of the arbitration award.

Count I of the complaint seeks confirmation of the monetary and nonmonetary elements of the Arbitration Award so it may obtain a judgment and seek enforcement thereof. This is **GRANTED**.

Count II asserts Breach of Contract for failure to pay one–half of the cost of the arbitration.

Defendant has responded with evidence that it has, since the initiation of this action, paid the arbitrator. Summary Judgment on Count II is **DENIED**.

Wherefore, Plaintiffs' Motion for Summary Judgement, (Doc. 4), is **GRANTED IN PART**. With respect to Count I, the Arbitration Award is confirmed in its entirety and hereby reduced to an enforceable judgment.

**DONE** and **ORDERED** this Monday, June 6, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE